IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BIRANE NDOUR,

     Petitioner,

v.

                                              Case No. 2:26-cv-00953-MIS-JHR

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA; TODD
LYONS; TODD BLANCHE; and
MARKWAYNE MULLIN,

     Respondents.

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

     **THIS MATTER** is before the Court on <u>pro se</u> Petitioner Birane Ndour's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed March 30, 2026.   The federal Respondents filed a Response on April 14, 2026.   ECF No. 6.   Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition without prejudice.

## I.    Background

     Petitioner is an immigration detainee at the Otero County Processing Center in Chaparral, New Mexico.   <u>See</u> Pet. at 1.   He is a native of Senegal who entered the United States without admission or parole on January 11, 2024, was arrested a few days later, and was placed into removal proceedings before the U.S. Immigration Court.   <u>See id.</u> at 10; Form I-213 Record of Deportable/Inadmissible Alien ("I-213"), ECF No. 6-1.   He was later paroled into the U.S. and received authorization to work.   Pet. at 6, 10; I-213 at 3.

     On December 3, 2025, officers with Long Island Fugitive Operations approached Petitioner on the streets of New York City, apparently ran his name through a database, determined that he

"was illegally present in the United States," and arrested him. I-213 at 3. He was later transferred to the Otero County Processing Center. Pet. at 10.

On February 13, 2026, an Immigration Judge issued an Order reflecting that Respondent's applications for asylum, withholding of removal under the INA, withholding of removal under the Convention Against Torture, and deferral of removal under the Convention Against Torture were withdrawn with prejudice. Order of the Immigration Judge ("Removal Order") at 1, ECF No. 6-2. The Immigration Judge found that Petitioner was inadmissible and ordered him removed to Senegal. Id. at 1, 3. Petitioner did not file an appeal with the Board of Immigration Appeals. See https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 15, 2026) (reflecting that the Removal Order was issued February 13, 2026, and no appeal was filed).

On March 30, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, apparently asking this Court to review the Immigration Judge's removal order. ECF No. 1 at 7.

## II.    Discussion

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687 (2001). Where, as here, the petitioner is subject to a final order of removal, detention is governed by Zadvydas, 533 U.S. at 682, and 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order. Zadvydas, 533 U.S. at 682; see also 8 U.S.C. § 1231(a)(1). "[D]uring the 90-day removal period, . . . [the noncitizen] must be held in custody." Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. Id. at 683, 689; see 8 U.S.C. § 1231(a)(6).

2

The Supreme Court determined that a six-month detention period is presumptively reasonable. Zadvydas, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Here, a final Removal Order was issued on February 13, 2026, ECF No. 6-2, and Petitioner is subject to detention during the 90-day removal period. See 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable through August 13, 2026. See Zadvydas, 533 U.S. at 701. Therefore, even if the Court could construe the Petition as asserting a claim for prolonged detention or seeking release, the Court could not grant the relief. Petitioner is also not entitled to a bond hearing. See Gregorio v. Warden, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is . . . not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to . . . orders of removal, meaning those aliens are not entitled to a bond hearing").

Furthermore, the Court lacks jurisdiction to review the Immigration Judge's decision on Petitioner's asylum and withholding of removal claims. Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders. See Jennings v. Rodriguez, 583 U.S. 281, 316-17 (2018). Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. Id. at 317.

Because the Court cannot grant Petitioner relief at this time, the Court will deny the Petition without prejudice.  Petitioner may file a new habeas petition under <u>Zadvydas</u> if his detention extends beyond the presumptively reasonable six-month period (i.e., after August 13, 2026) or if his detention otherwise becomes unlawful.

**III.    Conclusion**

Therefore, it is **HEREBY ORDERED** that Petitioner Birane Ndour's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE